UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH BROWN, | : | CIVIL NO: 1:20-CV-02395 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,[1] | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**
May 19, 2022

## I. Introduction.

Plaintiff Kenneth Brown is seeking social security disability benefits. The Commissioner of Social Security filed a motion to dismiss this action. Brown has not filed a brief in opposition to that motion to dismiss. For the reasons set forth below, we will grant the Commissioner's unopposed motion to dismiss.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, and she is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d) (providing that when a public officer sued in his or her official capacity ceases to hold office while the action is pending, "[t]he officer's successor is automatically substituted as a party"); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

## II. Background and Procedural History.

In 2016, Brown filed an application for disability insurance benefits under Title II of the Social Security Act. *See doc. 19-1* at 2–3, ¶ 3(a) (Declaration of Janay Podraza). An administrative law judge denied his application after a hearing, and the Appeals Council later denied his request for review. *Id*. at 3, ¶¶ 3(a), 3(b). Brown, represented by counsel, then filed a civil action in this court challenging the final decision of the Commissioner denying him benefits. *See Brown v. Berryhill*, 1:19-cv-00389 (M.D. Pa.). On October 7, 2020, then Chief Judge Jones affirmed the decision of the Commissioner and entered judgment in favor of the Commissioner. *Id*. at *doc. 26*. Brown did not appeal that decision to the United States Court of Appeals for the Third Circuit. *See* docket sheet in *Brown v. Berryhill*, 1:19-cv-00389 (M.D. Pa.).

On December 18, 2020, Brown, proceeding pro se, began this action by filing a complaint under Title II of the Social Security Act again seeking disability insurance benefits. *Doc. 1*. The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 13*. On September 10, 2021, the Commissioner filed motion to dismiss the complaint and a brief in support of that motion. *Docs. 18, 19*. We ordered Brown to file a brief in opposition to the motion to dismiss. *See doc. 20*. But Brown has

2

not filed a brief in opposition. For the reasons set forth below, we will grant the Commissioner's unopposed motion to dismiss.

**III. Discussion.**

At the outset, we note that it is not clear from Brown's complaint in this case if he is seeking benefits for the same, or a different, period than that at issue in his prior case (*Brown v. Berryhill*, 1:19-cv-00389 (M.D. Pa.)). Either way, the case must be dismissed. But the reasons for dismissal differ depending on whether Brown is seeking benefits for the same period at issue in his prior case or whether he is seeking benefits for a different period.

> **A. To the extent that Brown is seeking benefits for a different period than that at issue in the prior case, this court lacks subject-matter jurisdiction.**

The Commissioner contends that because Brown "has not completed his Federal Court Appeal process or exhausted the administrative process," the court should dismiss this action because the court lacks subject-matter jurisdiction. *Doc. 19* at 5. The Commissioner's argument is based on the judicial-review provision of the Social Security Act, which provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within

>such further time as the Commissioner of Social Security may allow.

42 U.S.C.A. § 405(g).  "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner of Social Security] made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting § 405(g)).  This requirement "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'" *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).  "Without a 'final decision,' a district court lacks subject matter jurisdiction to review a Social Security benefit determination." *Chailla v. Comm'r of Soc. Sec. Admin.*, 838 F. App'x 653, 655 (3d Cir. 2020).

Here, the Commissioner contends, and Brown does not dispute, that after judgment was entered in favor of the Commissioner in his prior case in this court, Brown did not file another application for benefits with the Commissioner or obtain a final decision after a hearing.  Given that it is not in dispute that Brown has not obtained a final decision, to the extent that Brown is seeking benefits for a period different from that at issue in his prior case, we agree with the Commissioner that we do not have subject-matter jurisdiction.

### B. To the extent that Brown is seeking benefits for the same period as that at issue in the prior case, his claim is barred by claim preclusion or res judicata.

The Commissioner also points out that Brown did not appeal the prior judgment in favor of the Commissioner in *Brown v. Berryhill*, 1:19-cv-00389 (M.D. Pa.). Instead, Brown filed this second action. To the extent Brown is again seeking judicial review of the same decision of the Commissioner denying him benefits based on his earlier (2016) application for benefits, Brown is challenging a final decision after a hearing. Thus, subject-matter jurisdiction is not at issue. But Brown's complaint fails for a different reason—claim preclusion or res judicata.

"Claim preclusion—which some courts and commentators also call res judicata—protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231–32 (3d Cir. 2021) (internal quotations and citations omitted). There are three requirements for claim preclusion based on a federal court judgment: "'(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id*. at 232 (quoting *In re Healthcare Real Est. Partners, LLC*, 941 F.3d 64, 72 (3d Cir. 2019)).

Here, all three requirements for claim preclusion or res judicata are met: there was a final judgment on the merits in the prior case; this case and the prior

case involve the same parties—Brown and the Commissioner; and to the extent that Brown is seeking review of the Commissioner's decision denying him benefits based on his 2016 application for benefits, this case and the prior case are based on the same cause of action.

In sum, to the extent that the Brown is seeking benefits for a different period from that at issue in his earlier case, this court lacks subject-matter jurisdiction. And to the extent that Brown is seeking benefits in this case for the same period as was at issue in the prior case, his claim is barred by claim preclusion or res judicata. Either way, this action must be dismissed. Thus, we will grant the Commissioner's unopposed motion to dismiss.

## IV.  Order.

For the reasons set forth above, **IT IS ORDERED** that the Commissioner's unopposed motion (*doc. 18*) to dismiss is **GRANTED** and this case is dismissed**.** The Clerk of Court shall close this case.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge